**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Churchill Drilling Tools US, Inc. | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:16-cv-00163 |
| | § | |
| v. | § | |
| | § | |
| Warrior Energy Services Corp. | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

Plaintiff Churchill Drilling Tools US, Inc. ("Churchill US"), by and through the undersigned counsel, hereby brings its Complaint against Warrior Energy Services Corporation ("Warrior"), and alleges as follows:

## NATURE OF THE ACTION

1.      Churchill US seeks a declaratory judgment of non-infringement of certain Warrior patent rights under the U.S. patent laws, 35 U.S.C. *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Churchill US further asserts against Warrior claims for federal unfair competition under the Lanham Act, 15 U.S.C. § 1 *et seq.*, and Texas common law claims for unfair competition, tortious interference with contract, and tortious interference with business relationship.

## THE PARTIES

3.      Plaintiff Churchill US is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 5125 Hiltonview Road, Houston, Texas 77086.

4.      Defendant Warrior Energy Services Corporation is a corporation organized and existing under the laws of Delaware with a principal place of business at 100 Rosecrest Lane, P.O.

1

Drawer 9188, Rosecrest Lane, Columbus, Mississippi, 39701.

## JURISDICTION AND VENUE

5.      Churchill US's request for declaratory judgment of non-infringement of patent rights arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et. Seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      Churchill US's federal unfair competition claims arise under the Lanham Act, 15 U.S.C. § 1125. This Court has original jurisdiction under 28 U.S.C. §§ 1331.

7.      This Court has supplemental jurisdiction over Churchill US's Texas common law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Churchill US's federal-question claims that they form part of the same case or controversy.

8.      This Court has both general and specific personal jurisdiction over Warrior. Warrior conducts continuous and systematic business in Texas. Warrior is a Superior Energy Services, Inc. ("Superior") company, and Superior's headquarters are located in Houston, Texas. Warrior provides production-related services to both onshore and offshore producing regions, specializing in high-pressure high-temperature wells and pipe recovery operations. Upon information and belief, Warrior has performed numerous production-related services throughout Texas. Warrior also operates two manufacturing and repair facilities, one of which is located in Decatur, Texas. Moreover, Churchill US's claims arise out of Warrior's contacts with Texas and the misrepresentations by Warrior's agents concerning Churchill US's alleged patent infringement were made within the State of Texas. Furthermore, due to the nature and timing of Warrior's misrepresentations, Churchill US's business within the State of Texas was disrupted and affected.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

10.     As evidenced by this Complaint, there exists a real and actual controversy between Churchill US and Warrior concerning infringement of U.S. Patent Nos. 8,302,693 ("the '693 Patent") (attached as Exhibit A), 8,272,441 ("the '441 Patent") (attached as Exhibit B), and 8,286,702 ("the '702 Patent") (attached as Exhibit C) (collectively "the Warrior Patents").

## FACTS

11.     Churchill US is a specialist oilfield service company that delivers innovative solutions to the industry.  Churchill US primarily uses down-hole tools that are activated by pumping darts from the surface, offering operators higher levels of performance and reliability on a range of specific operations and contingencies.  Churchill US is still 100% family owned, and is recognized globally as a technology leader in drilling, completions and abandonment tools.

12.     Churchill US manufactures and markets the HyPR Holesaver™, which is a hydraulic pipe recovery system.  In operation, the HyPR Holesaver™ can recover stuck pipe in a wellbore using highly powerful hydraulic-driven jetting initiated by launching a dart at the required time.  The dart-initiated process can cut through full strength subs without pyrotechnics or explosives in a matter of hours, providing a low cost and rapid way to insure against extreme stuck pipe situations.

13.     Warrior is a Superior Energy Services, Inc. company.  Warrior provides production-related services to both onshore and offshore producing regions, specializing in high-pressure high-temperature wells and pipe recovery operations.  According to Warrior's website, one of Warrior's primary service offerings includes wireless pipe recovery with its Wireless Pipe Recovery System (WIPR).  Warrior's WIPR uses an explosive charge to recover stuck pipe.

14.     Chevron Corp. ("Chevron") has been doing business with Churchill US since January 2013, and is one of Churchill US's most valuable customers.  Chevron is a customer of

Churchill US's HyPR Holesaver™ pipe recovery system.

15.     Upon information and belief, Chevron is also a customer of one or more Warrior services.

16.     Upon information and belief, on or about the November/December 2015 timeframe, a Warrior sales agent came to understand that Warrior's business with Chevron's Deepwater Exploration and Production Division was being impacted by the safer, non-explosive Churchill US's HyPR Holesaver™ pipe recovery system.  On information and belief, in an effort to avoid losing business to Churchill US, the sales agent represented to Chevron that Churchill US's HyPR Holesaver™ infringed one or more Warrior patents. These false statements and innuendo about the alleged infringement of Warrior's patents by Churchill US's HyPR Holesaver™ pipe recovery system were intended to induce Chevron to stay the course with Warrior's tools and to keep Chevron from further considering Churchill US's HyPR Holesaver™ pipe recovery system as a safe and effective replacement to Warrior's pyrotechnic-assisted pipe recovery system.

17.     In early January 2016, Chevron notified a Churchill US sales representative about Warrior's allegations of patent infringement and Chevron's concerns about future uses of the HyPR Holesaver™.  Churchill US's US General Manager then followed up with Chevron and confirmed Warrior's allegations.

18.     Shortly after Churchill US discovered Warrior's allegations of patent infringement, Churchill US began immediately investigating patents related to the technology in Warrior's WIPR system.  Churchill US discovered the Warrior Patents, which appear to disclose technology found in Warrior's WIPR system.  Don Umphries and Gabe Williger are the sole inventors of the Warrior Patents.  Although Warrior does not appear to have recorded any assignments of the

Warrior Patents, based on the attached publication (attached as Exhibit D), Messrs. Umphries and Williger were employed by Warrior in the 2011 time period.  A close inspection of Exhibit D reveals that the authors (Don Umphries and Gabe Williger) refer to Warrior Energy Services' "patent-protected pipe recovery system" and use the acronym "WIPR" – the trademark used by Warrior to describe its "Wireless Pipe Recovery System (WIPR)" – see Exhibit E.  Based on the allegations of patent infringement made by Warrior, the similarities in technologies between Warrior's WIPR system and the technology disclosed in the Warrior Patents, and the inventors' employment history with Warrior and references to the WIPR system, upon information and belief the Warrior Patents are beneficially owned by Warrior.

19.     At no point in time has Warrior ever raised to Churchill US any intellectual property violations.

20.     Based on Warrior's statements to Chevron, and upon information and belief, Warrior appears to falsely allege that Churchill US infringes the Warrior Patents.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the Warrior Patents)**

21.     The allegations of paragraphs 1-20 are repeated and incorporated herein by reference in their entirety.

22.     Warrior's anti-competitive statements to Chevron that Churchill US's HyPR Holesaver™ infringes Warrior's patents and Warrior's ownership in the Warrior Patents has created a reasonable apprehension on the part of Churchill US that it will be subjected to a lawsuit based upon patent infringement if it continues to manufacture and sell the HyPR Holesaver™ system.  Thus, an actual controversy has arisen and now exists between Churchill US and Warrior as to whether Churchill US has infringed or is infringing one or more claims of the Warrior Patents.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*,

Churchill US requests the declaration of the Court that Churchill US does not infringe and has not infringed any valid and enforceable claim of the Warrior Patents.

**SECOND CLAIM FOR RELIEF**
**(Violations of the Lanham Act)**

24.     The allegations of paragraphs 1-23 are repeated and incorporated herein by reference in their entirety.

25.     Through its sales agent, Warrior falsely stated and misrepresented that Churchill US's HyPR Holesaver™ infringes patents owned by Warrior.  These false statements were intended to deceive Chevron into avoiding use of the HyPR Holesaver™ in favor of Warrior's pyrotechnic-assisted pipe recovery services.

26.     Churchill US's HyPR Holesaver™ is in interstate commerce.

27.     Churchill US has been or is likely to be injured as a result of the false statements made by Warrior to Chevron.  Warrior's false statements have interfered with Churchill US's ability to conduct business and may result in the cancellation of Chevron's orders of Churchill US's products and planned tests of Churchill US's products by Chevron.

28.     As a result of the foregoing acts, Warrior has violated the Lanham Act 15 U.S.C. § 1125.

**THIRD CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

29.     The allegations of paragraphs 1-28 are repeated and incorporated herein by reference in their entirety.

30.     The above described acts in Churchill US's Second Claim for Relief constitute unfair competition under the common law of the State of Texas.

31.     Warrior's false statements to Chevron that Churchill US's HyPR Holesaver™

6

infringes patents owned by Warrior have interfered with Churchill US's ability to conduct its business.

33. 32.   As a result of Warrior's unfair competition, Churchill US has been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Tortious Interference with Contractual Relationship)**

33.    The allegations of paragraphs 1-32 are repeated and incorporated herein by reference in their entirety.

34.    Chevron has an existing agreement with Churchill US to use Churchill US products, including but not limited to HyPR Holesaver™.

35.    Through Warrior's deceitful and false statements to Chevron that Churchill US's HyPR Holesaver™ infringes patents owned by Warrior, Warrior willfully and intentionally interfered with the agreement between Chevron and Churchill US, affecting and interrupting the scope of the agreement and the relationship between the parties moving forward.

36.    As a result of Warrior's tortious interference with Churchill US's agreement with Chevron, Churchill US has been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
**(Tortious Interference with Business Relationship)**

37.    The allegations of paragraphs 1-36 are repeated and incorporated herein by reference in their entirety.

38.    Churchill US maintains a valuable business relationship with Chevron.  Over the past three years, Chevron has used a wide variety of Churchill US products.  Churchill US's business depends on maintaining its current business with Chevron, and maintaining its reputation in order to secure future business with Chevron.

39.     Through Warrior's deceitful and false statements to Chevron that Churchill US's HyPR Holesaver™ infringes patents owned by Warrior, Warrior willfully and intentionally interfered with the relationship that Churchill US has maintained with Chevron, affecting and interrupting the current business between the parties and future business between the parties.

40.     As a result of Warrior's tortious interference with Churchill US's business relationship with Chevron, Churchill US has been damaged in an amount to be determined at trial.

## EXCEPTIONAL CASE

41.     To the extent this is an exceptional case under 35 U.S.C. § 285, Churchill US is entitled to recover its attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

42.     Churchill US respectfully requests a judgment against Warrior and in favor of Churchill US as follows:

A.      A declaration that Churchill US does not infringe and has not infringed any valid and enforceable claim of the Warrior Patents;

B.      That Warrior's false statements of patent infringement to Chevron violated the Lanham Act;

C.      That Churchill US be awarded damages adequate to compensate it for the injuries suffered as a result of Warrior's violation of the Lanham Act;

D.      That Warrior is unfairly competing in violation of Texas common law;

E.      That Churchill US be awarded damages adequate to compensate it for the injuries suffered as a result of Warrior's unfair competition under Texas common law;

F.      That Warrior tortuously interfered with the agreement between Churchill US and Chevron;

G.     That Churchill US be awarded damages adequate to compensate it for the injuries suffered as a result of Warrior's tortious interference with the agreement between Churchill US and Chevron;

H.     That Warrior tortuously interfered with Churchill US's ongoing and future business relationship with Chevron;

I.      That Churchill US be awarded damages adequate to compensate it for the injuries suffered as a result of Warrior's tortious interference with the business relationship between Churchill US and Chevron;

J.     That the Court enter judgment against Warrior in favor of Churchill US and that the Complaint be dismissed with prejudice;

K.     That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Churchill US its costs and reasonable attorneys' fees;

L.     That the Court enter a preliminary injunction against Warrior as may be necessary to enjoin Warrior from making any further comments to Chevron or any other customer of Churchill US that Churchill US infringes, has infringed, or may infringe, any intellectual property rights owned by Warrior, including but not limited to the Warrior Patents.

M.     That the Court grant Churchill US whatever further relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Churchill US hereby demands a jury for all issues so triable.

January 19, 2016

Respectfully submitted,

*/s/ J. David Cabello*
J. David Cabello
Attorney-in-charge
Texas Bar No. 03574500
S.D. Texas I.D. No. 3514
Blank Rome, LLP
717 Texas Ave., Suite 1400
Houston, Texas 77002
Tel.:  (713) 228-6601
Fax: (713) 228-6605
Email:  dcabello@blankrome.com

*Attorney for Plaintiff*
Churchill Drilling Tools US, Inc.